565 P.2d 1299

**John E. MOORE, a single man, and Olga E. Moore, Appellants,**

v.

**PILOT LIFE INSURANCE COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 2301.**

Court of Appeals of Arizona, Division 2.

March 22, 1977.

Rehearing Denied April 27, 1977.

Rees, Mercaldo & Smith, P. C. by Paul G. Rees, Jr., Tucson, for appellants.

Fish, Briney, Duffield & Miller, P. C. by Richard Duffield, Tucson, for appellee.

HOWARD, Chief Judge.

This is an appeal from a judgment in an action for declaratory relief. The issue to be decided is whether the appellee's insurance policy afforded coverage to appellants.

The record shows that on September 10, 1971, appellant John Moore was a student enrolled at Jesuit High School in Dallas, Texas. On that day, classes at the high school commenced at 8:30 a.m. and school was dismissed at 3:30 p.m. Jesuit High School had a so-called closed campus where the students were confined to the campus grounds for the duration of the school day. Students were not authorized to leave the school grounds for lunch or any other reason without permission of the school authorities. The school did not condone the practice of students leaving the campus without permission. A student off campus without permission was considered a truant or "playing hooky" and was subject to discipline for violating the regulations. There was a regular procedure whereby a student with a proper excuse could secure permis-

sion to leave the campus from the assistant principal.

Around noon, appellant John Moore together with two other students, Gary Tisko and Kevin Harrison, left the school campus without permission in order to go home for lunch. They left in a Volkswagen belonging to Don Harrison, the father of Kevin Harrison, and proceeded to the Tisko residence. They stayed there a while and then drove to the Moore residence where the boys ate lunch. They then left the Moore residence and while proceeding back to school, an accident occurred. Appellant John Moore was injured in the collision and brought this action in order to determine his right to benefits under a school insurance policy issued to the high school.

Under the policy issued by appellee coverage was extended while:

"(1). attending school during the hours and on the days when school is in session; (2) traveling directly between home and school for the purpose of attending or returning from regularly scheduled classes, but only if such travel occurs within one hour before the commencement of the day's school session or within one hour after dismissal from school.
. . ."

\* \* \* \* \* \*

There are other provisions providing coverage when participating in extra-curricular activities under the supervision of the high school.

Appellants contend that the words "attending school" are ambiguous and could easily mean "enrolled in school" or "on the way to school". They further contend that the second insuring clause above is equally ambiguous. We do not agree. This policy could not be clearer. Giving the words their common usage and understanding, it is patently obvious that under the first insuring agreement the accident must occur while the insured is present at the school. The second insuring agreement is equally clear and unambiguous. John Moore was not attending school when the accident occurred nor was he traveling between home and school for the purpose of attending

school within one hour before the commencement of the day's school session.

Affirmed.

HATHAWAY, J., and LILLIAN S. FISHER, Judge of Superior Court, concur.

NOTE: LILLIAN S. FISHER was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.